IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
ROLANDO JIMENEZ                    )
c/o 1825 K Street, N.W., Suite 750  )
Washington, D.C. 20006             )
                                    )
     Plaintiff,                    )    Case No.: _____
                                    )
v.                                  )
                                    )
ELAINE C. DUKE, Acting Secretary,   )
Department of Homeland Security     )
Washington, D.C.  20528            )
                                    )
     Defendant.                    )
_____    )

## COMPLAINT

Plaintiff Rolando Jimenez ("Plaintiff"), by undersigned counsel, alleges as follows:

## NATURE OF THE CASE

1.  After Shari Golston became Plaintiff's supervisor in February 2015, she began retaliating against Plaintiff by falsely accusing him of failing to turn in his assignments, intentionally documenting incorrect performance concerns, and falsely accusing him of lying.

2.  Plaintiff filed an informal EEO complaint about Golston's actions on April 14, 2015.  An Agency EEO counselor interviewed Golston about Plaintiff's allegations on May 29, 2015. Approximately two weeks later, on June 16, 2015, Golston contacted INTERPOL where Plaintiff was on a two-year detail assignment and falsely accused Plaintiff of emailing sensitive INTERPOL information to his personal email.  Plaintiff's detail was immediately terminated.  A later investigation determined Plaintiff had not sent INTERPOL information to his personal accounts and INTERPOL admitted the removal may have been a mistake.

3.  Defendant continued to subject Plaintiff to unfair adverse actions after INTERPOL terminated his detail, including by denying him requested training and refusing him access to a data network he needed to access to perform his job.  Plaintiff was the only employee denied that training and is the only employee who does not have access to the data network.

4.  Defendant has retaliated against Plaintiff by subjecting him to materially adverse actions and a hostile work environment based on his prior EEO activity and his April 2015 EEO complaint against Shari Golston.

5.  Plaintiff brings this action to recover damages for Defendant's willful violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e) *et seq*.

## JURISDICTION AND VENUE

6.  This Court maintains federal question jurisdiction pursuant to 28 U.S.C. § 1331 and Title VII.

7.  Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) because Defendant committed the unlawful employment actions in this judicial district.

## THE PARTIES

8.  Plaintiff works as an Immigration Officer in the Fraud Detection National Security Headquarters of U.S. Citizenship and Immigration Services ("USCIS"). During the relevant time period, he was Defendant's employee, within the meaning and entitled to the protections of Title VII.

9.  Defendant Elaine C. Duke is the Acting Secretary of the Department of Homeland Security, the parent agency of USCIS. During the relevant time period, Defendant was Plaintiff's employer, within the meaning and subject to the requirements of Title VII.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.  Plaintiff exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.

2

11. On June 25, 2015, Plaintiff timely filed an equal employment opportunity ("EEO") complaint with Defendant's Office of Civil Rights ("OCR").

12. Plaintiff received Defendant's Final Agency Decision on September 21, 2017.

13. Plaintiff timely filed this Complaint within 90 days of receiving the Final Agency Decision.

## FACTS

*Plaintiff began working for Defendant in 1996.*

14. In 1996, Plaintiff began working for Defendant's predecessor agency, Immigration and Naturalization Service.

15. In June 2006, Plaintiff became an Immigration Officer in the Fraud Detection National Security Headquarters of USCIS.

*Defendant Knew of Plaintiff's Protected EEO Activity*

16. In or about February 2015, Shari Golston became Plaintiff's direct supervisor.

17. In or about August 2014, Matthew O'Brien became Plaintiff's second-line supervisor.

18.  Golston and O'Brien knew Plaintiff for several years before they became his supervisors, and they knew about Plaintiff's prior EEO activity.

19.  Golston has known about Plaintiff's prior EEO activity since approximately 2010, when he sent her an email referencing his EEO activity.

20.  O'Brien has known of Plaintiff's prior EEO activity for several years before 2015, and he has been asked to provide related testimony in the past.

21. Defendant is also aware of Plaintiff's prior EEO activity because Plaintiff has referenced it in his communications with his managers.

*Defendant falsely accused Plaintiff of not completing assignments.*

22. Golston became Plaintiff's supervisor in February 2015 and began falsely accusing Plaintiff

of failing to perform his work and incorrectly documenting supposed performance concerns.

23. On February 27, 2015, Golston emailed Plaintiff instructing him to complete a telework agreement and return it by March 3, 2015.

24. Plaintiff completed and submitted the telework agreement that same day.

25. On March 23, 2015, Plaintiff received a subsequent email from Golston in which she claimed not to have received the telework agreement.

26. Plaintiff forwarded Golston his original email response from March 3, 2015, including the requested telework agreement.

27. Golston required that Plaintiff send her a weekly report of his work while he was on a detail to INTERPOL.

28. On April 10, 2015, Plaintiff timely submitted his weekly report to Golston.

29. On April 14, 2015, Golston claimed in an email that she had not received Plaintiff's weekly report and asked him to send it to her.

30. Plaintiff complied with Golston's request and sent his weekly report a second time on April 14, 2015.

31. That same day, Plaintiff complained to O'Brien that Golston asked him to resend the weekly report.

32.  O'Brien dismissed Plaintiff's concerns and again asked him to turn in the same assignment.

33. Plaintiff complied with O'Brien's instructions and resent the weekly report to Golston a third time later that day.

*Defendant falsely accused Plaintiff of lying.*

34. USCIS provided Plaintiff a laptop to access the USCIS system while he was on detail to INTERPOL.

4

35. At around the beginning of April 2015, Plaintiff had trouble connecting his work laptop to the USCIS network and he contacted the Office of Information Technology ("OIT") to correct the issues.

36. On April 6, 2015, Plaintiff spoke to OIT employee Adebayo Majolagbe about the laptop issues and arranged a meeting for the following day.

37.  On April 7, 2015, Plaintiff went to OIT to meet with Majolagbe, but Majolagbe was out sick.

38. Plaintiff then met with Golston to discuss the progress in resolving the laptop issues and told her he had spoken with Majolagbe.

39. Refusing to believe Plaintiff, Golston insisted on accompanying Plaintiff to OIT to speak with Majolagbe that same day about the laptop issues.

40.  Golston walked Plaintiff back to OIT, which made Plaintiff uncomfortable because it appeared as if he was in trouble with his supervisor to others in the office and at OIT.

41. When they arrived at OIT together, Golston asked to speak with Majolagbe but was told he was out sick.

42. In front of all the OIT personnel, Golston accused Plaintiff of lying about having spoken to Majolagbe that day.

43. Plaintiff explained there was a misunderstanding because he had talked to Majolagbe the day before but not on the same day of the appointment.

*Plaintiff filed an EEO complaint against Golston and O'Brien.*

44. On April 14, 2015, Plaintiff filed an EEO complaint against Golston and O'Brien alleging discrimination and hostile work environment.

*Defendant falsely accused Plaintiff of failing to turn in assignments in May 2015.*

45. On May 20, 2015, Golston requested the same weekly report that Plaintiff had already

provided to her on three different occasions.

46. Plaintiff responded to Golston's email.

47. The next day, O'Brien followed up with a condescending and threatening reply.

*Defendant provided INTERPOL misleading and false information and caused INTERPOL to end Plaintiff's detail.*

48. Plaintiff was assigned a two-year detail as a Liaison Officer at INTERPOL from September 2014 until 2016.

49. On May 29, 2015, the EEO counselor handling Plaintiff's EEO case contacted Golston.

50. The EEO counselor informed Golston that Plaintiff alleged that she had harassed him by falsely accusing him of not turning in the weekly report on April 10, 2015.

51. On around June 16, 2015, Golston contacted INTERPOL Information Systems Security Officer Nathree Turner and falsely claimed that Plaintiff had sent sensitive information to his personal email accounts on April 14, 2015 while working for INTERPOL.

52. Golston claimed that an email and attachment Plaintiff had sent her and his personal email in April 2014 contained sensitive information.

53. Upon information and belief, Golston also claimed the attachment contained INTERPOL Red Notices.

54. Golston sent Turner a screenshot Plaintiff had provided her that showed that Plaintiff had copied his personal email when emailing Golston.

55. The screenshot also showed that Plaintiff sent Golston and his personal email an attachment entitled "2015-Apr-06-10—Weekly INTERPOL CIS Report-Final—Rolando.xlsx."

56. Golston did not send Turner the actual email or attachment Plaintiff sent.

57. Turner then reviewed a copy of what he believed to be the attachment Plaintiff had sent to

his personal email and discovered that there were four Red Notices in the document.

58. Plaintiff was immediately escorted out of the building and INTERPOL terminated Plaintiff's detail 16 months early.

59. The actual document that Plaintiff sent to Golston and his personal email did not contain any Red Notices, nor did it contain what the USCIS Office of Security and Integrity Report of Investigation considered to be personally identifiable information or sensitive personally identifiable information.

60.  Turner later acknowledged that the information that he had provided that led to Plaintiff's removal from INTERPOL was possibly a mistake and that there was no sign that Plaintiff had ever sent Red Notices.

61.  Plaintiff's INTERPOL supervisor, Crystal Holland, reviewed the actual information Plaintiff had sent to his personal email account and informed the USCIS Office of Security and Integrity investigators that the document did not appear to contain sensitive information and that it did not warrant Plaintiff's removal.

62.  Holland stated that it was normal for employees detailed to INTERPOL to send their agencies similar information.

63.  Golston provided untrue and misleading information to INTERPOL causing Plaintiff's detail to end 16 months early.

64.  Golston sent this information to INTERPOL more than two months after she originally received it from Plaintiff but just two weeks after she learned Plaintiff had filed an EEO complaint against her.

*Defendant denied Plaintiff's request to attend training.*

65. On July 17, 2015, Plaintiff asked Golston for permission to attend a four-hour training for

7

Predictive Analytics in Policing and Social Media.

66.  Golston denied Plaintiff's request to attend training.

67.  Plaintiff's co-workers were granted permission to attend the training, and Plaintiff is not aware of any similarly-situated peers who had engaged in EEO activity whose request to attend the training was denied.

*Defendant denied Plaintiff's access to its data system.*

68.  Plaintiff required access to the High Security Data Network ("HSDN") data system to fulfill his job duties and he had an HSDN account for over three years.

69.  During his detail, Plaintiff's HSDN account was locked out and suspended for inactivity.

70.  On August 4, 2015, after his detail was terminated, Plaintiff asked Golston and O'Brien to reactivate his existing HSDN account.

71.  Defendant denied Plaintiff access to the HSDN system for the stated reason that he did not have TC/SCI clearance which, upon information and belief, was not required for an individual to access the system.

72.  In any event, on December 2, 2015, Plaintiff's clearance was upgraded to TC/SCI.

73.  However, Plaintiff's supervisors still refused to grant him HSDN access.

74.  Because Defendant refused to restore Plaintiff's access to the system, Plaintiff had to rely on other members (both senior and junior co-workers of his unit) to help him get information from HSDN to complete assignments.

75.  Plaintiff is the only employee in the Case Resolution Branch who does not have access to the HSDN system.

## COUNT 1

*(Title VII — Hostile Work Environment based on Prior EEO Activity)*

76. Plaintiff repeats and realleges paragraphs 1–72, as if fully set forth herein.

77. By and through their conduct, Defendant violated Title VII.

78. Defendants acted with malice or reckless indifference to Plaintiff's rights.

79. As a result, Plaintiff has suffered damages, including but not limited to lost wages and benefits; mental anguish, emotional distress, and pain and suffering; and punitive damages.

## COUNT 2

### *(Title VII — Retaliation for Prior EEO Activity)*

80. Plaintiff repeats and realleges paragraphs 1–72, as if fully set forth herein.

81. By and through their conduct, Defendants violated Title VII.

82. Defendants acted with malice or reckless indifference to Plaintiff's rights.

83. As a result, Plaintiff has suffered damages, including but not limited to lost wages and benefits; mental anguish, emotional distress, and pain and suffering; and punitive damages.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts contained in the Complaint.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendant on all Counts and award Plaintiff compensatory damages in the amount of $300,000, or in an amount to be determined at trial, for pain and suffering and emotional distress; pre- and post-judgment interest; costs; attorneys' fees; and any such other relief as is just and proper.

Date:   December 20, 2017                    RESPECTFULLY SUBMITTED,

                                             Alan Lescht & Associates, P.C.

                                             By: /s/ _____
                                             Rani Rolston (DC Bar No. 974052)

9

Alan Lescht & Associates, P.C.
1825 K Street, N.W., Suite 750
Washington, D.C. 20006
Tel:  (202) 463-6036
Fax:  (202) 463-6067
rani.rolston@leschtlaw.com
*Attorney for Plaintiff*